UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| COTTAGE ADVISORS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-226-NT |
| | ) | |
| KBS BUILDING SYSTEMS, INC., | ) | |
| | ) | |
| Defendant | ) | |

| | | |
|---|---|---|
| COTTAGE ADVISORS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-227-NT |
| | ) | |
| SUMMERWINDS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

ORDER ON MOTION
TO CONSOLIDATE RELATED CASES

On September 14, 2012, the Defendant KBS Building Systems, Inc., ("KBS") moved to consolidate *Cottage Advisors, LLC, et al. v. KBS Systems, Inc.*, Docket No. 2:12-cv-226-NT with *Cottage Advisors, LLC, et al. v. Summerwinds, LLC*, Docket No. 12-cv-227-NT). Counsel for the Defendant Summerwinds consented and agreed to the motion to consolidate. The Plaintiffs, Cottage Advisors, LLC, et al., ("Cottage Advisors") opposed the motion. For the following reasons, the Court GRANTS the motion.

Rule 42 of the Federal Rules of Civil Procedure governs the question of consolidation. The Rule provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The First Circuit has explained:

> The threshold issue is whether the two proceedings involve a common party *and* common issues of fact of law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. A motion for consolidation will usually be granted unless the party opposing it can show "demonstrable prejudice."

*Sequro de Servicio de Salud De Puerto Rico v. McAuto Systems Group, Inc.,* 878 F.2d 5, 8 (1st Cir. 1989)(quoting *Lavino Shipping Co. v. Santa Cecilia Co.,* 1972 A.M.C. 2454, 2456 (S.D.N.Y.))(other citations omitted)).

Plaintiffs are real estate developers that design, construct, market and sell homes. They hold copyrights for three specific home designs. Plaintiffs have filed nearly identical complaints against Summerwinds and KBS alleging copyright infringement and unfair competition and seeking an accounting and a permanent injunction and damages. Plaintiffs have alleged that KBS illegally used Plaintiffs' copyrighted material in KBS's construction plan known as the "Model B Cape." (Docket No. 2:12-cv-226-NT, First Amended Complaint at 17). Plaintiffs have alleged that Summerwinds illegally used Plaintiffs' copyrighted material in Summerwinds' construction plan known as "The Haven." (Docket No. 12-cv-227-NT, Amended Complaint at 17).

KBS moved to consolidate the two cases on the grounds that the cases involve common, if not identical, questions of law and fact. Counsel for Defendant Summerwinds consented and agreed to the relief requested in the KBS motion to consolidate. The Plaintiffs filed an opposition to the motion to consolidate, in which they acknowledged that the complaints against KBS and Summerwinds were similar and that the cases were at a similar stage in the litigation. Plaintiffs argued, however, that the fact that the cases involve "two 'different' and offending house designs provides a critical distinction in the matters." Doc. 19 at 3. The Plaintiffs also pointed out that the cases are different from a damages perspective and also from the perspective of the defenses which will need to be mounted by the different Defendants. In a Reply, KBS clarified that it manufactures the modular homes which are allegedly offending the patent at the specific request of Summerwinds and that those homes have been exclusively built for and sold to Summerwinds. The Model B Cape is purchased by Summerwinds from KBS and sold as "The Haven." Thus there is no difference in the two house designs.

It is clear to the Court that these two proceedings involve both common parties and common issues of fact of law. The Plaintiff is demanding a jury trial in both cases and intends to use the same expert in both cases. The discovery and motion deadlines for both cases have already been synchronized, and Magistrate Judge Rich has ordered that discovery will be applicable to both cases. The cases will involve many of the same witnesses and exhibits.  The affirmative defenses asserted by KBS and Summerwinds largely overlap. Although there may be some

differences in the facts of the two cases and in the damages sought from the two Defendants, the Court believes that the costs and benefits of consolidation outweigh any concerns of confusion of the jury or any prejudice to the Plaintiff.

Accordingly, for the foregoing reasons, Defendant KBS's Motion to Consolidate is GRANTED.

Dated this 16th day of November, 2012.

/s/  Nancy Torresen
United States District Judge